```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | Criminal Action No. |
| | ) | 13-65-JMH-CJS |
| v. | ) | (Civil Action No. |
| | ) | 13-7328-JMH-CJS) |
| JOHN COLEMAN, | ) | |
| | ) | |
|     Defendant. | ) | **MEMORANDUM OPINION & ORDER** |

               \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Candace J. Smith [DE 36]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 22], to which the United States filed a Response, stating its objections thereto [DE 29, 30]. Defendant filed a Reply in further support of his Motion [DE 33]. No objections to the Report and Recommendation have been filed, and this matter is now ripe for a decision.

In her Report and Recommendation, the Magistrate Judge recommends that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be construed as a hybrid filing arising under both 28 U.S.C. §§ 2255 (his claim that his counsel provided him ineffective assistance of counsel during plea negotiations for failing to secure jail credits and that his plea was involuntary and unknowing because he was assured by his

counsel and the Assistant United States Attorney that he would receive credit toward the escape sentence for time served prior to sentencing) and 2241 (his claim seeking credit for time served) and that it be denied.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently and in the absence of any objections from Defendant Coleman, this Court adopts the well-articulated and detailed reasoning set forth in the Report and Recommendation as to Coleman's Motion as its own.

Finally, the Court considers whether a certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255.[1] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue,

---

[1] As the Magistrate Judge noted, "Federal prisoners who raise claims under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1)." [DE 36 at 17 (citing *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002)).]

Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as Coleman cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 36] is **ACCEPTED** and **ADOPTED**; and

(2) that Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 22] is **DENIED**.

(3) that no certificate of appealability will issue.

This is the 6th day of October, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge